**In re Petition for DISCIPLINARY ACTION AGAINST Thomas L. OWENS, a Minnesota Attorney, Registration No. 121459.**

No. A14–0176.

Supreme Court of Minnesota.

Feb. 20, 2014.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Thomas L. Owens committed professional misconduct warranting public discipline, namely, neglecting a client matter, failing to communicate with a client, and failing to respond to telephone calls from a former client's attorney, in violation of Minn. R. Prof. Conduct 1.3, 1.4, and 1.16(d).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), unconditionally admits the allegations in the petition, except as stated in the stipulation for discipline, which includes additional facts to which the parties agree, and, with the Director, recommends that the appropriate discipline is a public reprimand and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Thomas L. Owens is publicly reprimanded;

2. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR; and

3. Respondent shall be subject to probation for 2 years, subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 2 weeks from the date of the filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the date of the filing of this order, respondent shall provide the Director and his probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with the probation requirements. Respondent shall provide progress reports as requested.

BY THE COURT:

/s/Alan C. Page
Associate Justice